■ GREGORY LAMOUREAUX, Appellant, v. JOSEPH J. CROWE, Respondent.— Appeal from a judgment and order of a Trial Term, Supreme Court, Schenectady County. The appellant Gregory Lamoureux was the owner of an automobile which on May 30, 1951 was being driven in a northerly direction on Route 9 by respondent Joseph J. Crowe. Mr. Lamoureux, the owner, was riding as a passenger. The car was being driven at a rate of speed of about 45 miles an hour. There had been sunshowers that day; the highway was wet. When the car reached the intersection of County Highway 63, an automobile driven by Harold J. Larkin in an easterly direction came out of the county highway, started to cross Route 9 and stalled on the north-bound lane in which Crowe was driving. Crowe swerved sharply to the left, passed around the end of the Larkin car, but skidded and went off the road on the westerly side. In an action brought by Agnes Lamoureux, plaintiff's wife against Crowe and Larkin, a verdict was returned against Crowe, but no cause of action in favor of Larkin; in an action by Mae Crowe against Gregory Lamoureux, as owner, and Larkin, a verdict was returned against Lamoureux based on his derivative liability as owner for Crowe's negligence, but a no cause in favor of Larkin. In an action by Crowe against Larkin, the verdict was for Larkin. In the action involved in this appeal by Gregory Lamoureux, the owner, against Crowe, the driver, the verdict was of no cause of action in favor of Crowe. All cases were tried at the same time before the same jury. The verdicts for the two wives as passengers are necessarily based on a finding that Crowe was negligent and that Larkin was not negligent. That being so, the verdict here in favor of Crowe in Lamoureux' action as plaintiff would be consistent only under one or both of these two circumstances: (a) Gregory Lamoureux had no damage; or (b) that he had been guilty of contributory negligence. At the hospital immediately after the accident plaintiff was examined and advised to see his own physician. His physician testified that he had sustained a sacroiliac sprain and contusions of the left hip. He underwent some 46 treatments by his physician for this condition and for sciatica which was related to the sprain. His medical bill was $243; he lost work for considerable periods of time which he and his physician attributed to his injury and which he claimed amounted to $3,276 in lost wages. We think that in the light of this proof it would be against the weight of the evidence to determine that the appellant had no damage, which would mean that he had no injury whatever. Thus, if the verdict against appellant was based on such a view by the jury, there should be a new trial. If it were based on a finding that there had been contributory negligence by appellant, we would be of opinion also that the verdict is against the weight of the evidence. The speed of the car at 45 miles an

hour on a main highway was not excessive; it is apparent that the stalling of the Larkin car in the lane on which Crowe was driving was sudden; the situation was in the hands of Crowe as driver; and such an emergency is not a time or place in which the owner present in a car must exercise his legal right to control it by telling the driver what to do. The verdict, therefore, seems to us to be against the weight of the evidence on either ground. On the new trial it should be made clear in the instructions to the jury that the derivative negligence of the owner, under section 59 of the Vehicle and Traffic Law for the negligence of the driver in actions by third parties, does not apply to an action by the owner against the driver. Judgment reversed and a new trial ordered, with costs to appellant to abide the event. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.